JUDGE CROTTY

15 CV 01370

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MICHEAL ANTHONY RICHARDSON,

                              Plaintiff,

      -v-

THE CITY OF NEW YORK; New York City Police
Department ("NYPD") Officer ("P.O.") JOHN DOE 1
and P.O. JOHN DOE 2, in their individual capacities,

                             Defendants.

------------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No.



RECEIVED FEB 25 2015 U.S.D.C. S.D. N.Y. CASHIERS

      Plaintiff MICHEAL ANTHONY RICHARDSON, by his attorneys Gillian Cassell-Stiga and David B. Rankin of Rankin & Taylor, PLLC, and for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff MICHEAL ANTHONY RICHARDSON's rights were violated when officers of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally detained and arrested plaintiff despite the absence of probable cause. Officers then beat plaintiff despite his compliance. By reason of defendants' actions, including their use of excessive force, plaintiff was deprived of his constitutional rights.

3. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff MICHEAL ANTHONY RICHARDSON is, and was at all times relevant to this action, a resident of the County and State of New York.

8. Defendant THE CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. NYPD Officer ("P.O.") JOHN DOE 1 and P.O. JOHN DOE 2 (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The individual defendants are being sued herein in their individual and official capacities.

11. The true name and shield number of defendant P.O. JOHN DOE's 1-2 is not currently known to the plaintiff.[1] However, they were employees or agents of the NYPD on the date of the

---

[1] By identifying said defendants as "John Doe," plaintiff is making no representations as to the gender of said defendants.

2

incident. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officers as defendants in an amended pleading once the true name and shield number of said defendants becomes known and (b) that the Law Department should immediately begin preparing their defense in this action.

12. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

13. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

14. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

15. Mr. RICHARDSON was unlawfully arrested by P.O. JOHN DOE 1 and P.O. JOHN DOE 2 on March 21, 2014, at around 131st Street and 7th Avenue in the County and State of New York.

16. Mr. Richardson had been visiting his paraplegic friend, and left his friend's apartment to purchase something from a nearby store on his behalf.

17. A couple of blocks from the apartment, an unmarked police car pulled over and P.O. JOHN DOE 1 and P.O. JOHN DOE 2 exited the vehicle.

18. The officers ordered Mr. RICHARDSON up against the van and searched him, finding nothing.

19. P.O. JOHN DOE 1 and P.O. JOHN DOE 2 then put Mr. Richardson in the back of the van where they used excessive force against him.

20. Mr. RICHARDSON was strip searched at the precinct, and again nothing was found on his person. A warrant search was clean.

21. Mr. RICHARDSON was never charged with any crime, nor did Mr. RICHARDSON commit any unlawful act.

22. As a result of his unlawful arrest and beating, Mr. RICHARDSON experienced physical injury, suffering, mental anguish, and humiliation.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
(Against the individual defendants)

23. Mr. RICHARDSON incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

24. By their conduct and actions in falsely arresting plaintiff, using excessive force, fabricating evidence, and by failing to intercede to prevent the complained of conduct, defendants P.O. JOHN DOE 1 and P.O. JOHN DOE 2, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for

the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

25. As a result of the foregoing, Mr. RICHARDSON was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

### SECOND CLAIM FOR RELIEF
### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
(Against the City of New York)

26. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

27. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

28. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including defendants P.O. JOHN DOE 1-2 and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants.

29. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

30. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

31. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
         February 23, 2015

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
David B. Rankin
Rankin & Taylor, PLLC
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507
*Attorneys for the Plaintiff*